## CIRCUIT COURT OF SMYTH COUNTY

Donna J. Sage

v.

Mouldings, Inc.

February 29, 1988

Case No. (Law) 1704

By JUDGE CHARLES H. SMITH, JR.

This matter is before this court upon petition for judicial review of decision number 28574-C of the Virginia Employment Commission. The jurisdiction of the court is based upon Section 60.2-625 of the Code. Pursuant to that Section, the Commission's findings of fact, if supported by the evidence, are conclusive and the review of the court is confined to questions of law. The court, having reviewed the pleadings, exhibits, memoranda of counsel and authorities cited therein, the transcript, and considered same along with argument of counsel presented on February 11, 1988, is of the opinion that there is substantial evidence in the record to support the fact findings of the Commission. The court, therefore, confines its determination as to whether the Commission erred as a matter of law in its decision.

Briefly stated, the facts are as follows. The claimant was employed with Mouldings, Inc., of Marion, Virginia, from March 19, 1985, through January 23, 1986. She performed services as a receptionist, working from 8:00 a.m. until 5:00 p.m. Monday through Friday at a pay rate of $4.50

per hour. The claimant was laid off due to lack of work on January 23, 1986, but was contacted on March 12, 1986, and asked to return to work for one day, March 14, 1986. The next day the claimant contacted her employer and asked if she might be paid in cash for working a single day. She was informed that that would not be possible. In addition, some discussion was had concerning the possibility of other work being available the next week. The claimant declined the offer of one day's employment because of the distance involved to and from work and her inability to make suitable child care plans for her eight-year-old son. The round-trip distance to her employment was approximately fifty miles. The driving distance had presented no impediment to her employment when she was employed full time. Likewise, she had had adequate child care when working full time but had terminated this after her layoff. The job that the claimant was being called back for was the same job she had had prior to her layoff. It was to be for the same hours at the same rate of pay.

The court, initially, would agree with counsel for claimant that the procedural history of this case is "a nightmare." I think it unnecessary to recite here just what that procedure has been. It is recited in the decision of the Commission and is found on pages 48-49 of the record.

Section 60.2-612 of the Code contains the basic criteria used to determine benefit eligibility for unemployment compensation under the Virginia Unemployment Compensation Act. That Section provides, among other things, that in order to be eligible to receive benefits, an unemployed individual must be "able to work . . . available for work, and . . . actively seeking and unable to obtain suitable work." Section 60.2-618 of the Code enumerates certain factors that might work to disqualify an individual for benefits. It provides in part as follows:

> If it is determined by the Commission that such individual has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the Commission or to accept suitable work when offered him. (Section 60.2-618(3)(a)).

That Section also enumerates certain specific factors the Commission must take into consideration in determining whether or not a particular offer of work is suitable. They are:

> In determining whether or not any work is suitable for an individual, the Commission shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience, his length of employment, and the accessibility of the available work from his residence.
>
> No work shall be deemed suitable and benefits shall not be denied . . . (2) if the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality . . . (Section 60.2-618(3)(b) and (c)).

It should be noted that the Commission has consistently interpreted the act as not distinguishing between temporary, part time or full time work. The only requirement of the statute is that the work offered be suitable.

In addition, all sections of the act are liberally construed in order to effectuate the beneficial purposes of the act. Disqualification for benefits is the most serious sanction provided under the act and should be invoked only where there is a clear disqualification.

The issues presented herein are as follows.

1. Was the work offered to the claimant suitable under the Virginia Unemployment Compensation Act?

2. If the work offered to claimant was suitable, did she have good cause for refusing the work?

3. If the claimant had good cause for refusing the suitable work, should she be found to be ineligible for benefits for the week in which she refused the work?

### Was the Work Offered Suitable?

The court is of the opinion that the Commission correctly ruled that the offer of one day's employment to the claimant was suitable under the act. This issue

4

is rather easily resolved since the work offered was exactly the same work claimant had been performing before her layoff and was to be for the same hours, at the same rate of pay, for the same employer, and at the same place. The court recognizes the good argument made by counsel for claimant to the effect that the court should consider a "other conditions" test provided in Section 60.2-618(3)(c) in determining the issue of suitability. He contends that the length of time the job would last is one of these "other conditions" and should be considered. Counsel correctly points out that the job service representative from the Commission did testify that the length of time the job would last is one factor to weigh in determining suitability. The court would concede that all other relevant conditions of the employment should be weighed in determining the issue of suitability. The length of the job offer is a legitimate and relevant inquiry. However, it is only one factor to be considered, and, taken alone, it does not render the offer of temporary work herein "substantially" less favorable, etc., and would not have constituted a basis for a finding of unsuitability of the employment by the Commission. Therefore, if, as contended by the claimant, the Commission erred as a matter of law in failing to address this lone issue, such error was, in this case, harmless. That is not to say, however, that the offer of employment that is otherwise suitable should never be declared unsuitable simply on the basis of the length of time of the employment. The offer of employment for one hour, for example, as suggested by counsel for the claimant, might very well render the employment unsuitable. The cases must, of course, be decided on their own individual merits.

### Did the Claimant Have Just Cause for Refusing to Work?

The Commission ruled that, given the finding of suitability of the employment, the burden then shifted to the claimant to go forward and prove affirmatively that she had good cause to refuse the employment. The Commission found that she had not carried this affirmative burden. The court is of the opinion that this decision flies in the face of the Commission's decision in the case of *Mary Mullins v. Wise Clinic* (decision number

22671-C22084) which is substantially on all fours with the case at bar. A finding of good cause, it would seem, in this case would be more easily obtained than in the *Mullins* case since, in the latter, the Commission found that "the claimant had good cause for failing to accept *several offers of suitable work* from the employer." (Emphasis supplied.) Such refusal, the Commission found, rendered the claimant ineligible for benefits but certainly not disqualified for same. In the instant case, the claimant declined one day's work on little more than a day's notice. The claimant herein declined the offer on the basis of inadequate notice, no child care arrangements, and the cost of transportation as compared to the benefit to be derived. The claimant, when confronted with the offer, had the same initial question any devoted parent would have had: who will care for my child? We need to look no further than the daily news to be horribly reminded that the are of infant children cannot be trusted to just anyone. Such arrangements cannot be lightly taken and are not easily made. The claimant cannot be faulted for refusing to sacrifice the health, safety, and welfare of her infant child for the benefit of a paycheck for one day.

The court concedes that problems of transportation and child care are considered personal problems for those individuals who wish to maintain an attachment to the work force. Obviously, the claimant herein, when working full time, had made adequate and suitable arrangements to solve those problems. Employers have, in recent years, been made abundantly aware of these problems by the mass exodus of women from the home to the marketplace. It is not unreasonable to assume that these same employers would expect to encounter similar problems when calling people in from layoff and would, therefore, expect to grant to such employees a reasonable period of time to reinstitute these arrangements if they truly desire them to return to work. The court is of the opinion that, under the circumstances, claimant had good cause for refusing the offer of temporary employment and should not be disqualified for benefits.

*Should the Claimant be Found to be Ineligible
for Benefits for the Week in Which She Refused to Work?*

In view of the foregoing findings, counsel for claimant has conceded in his memorandum that the claimant would be ineligible for benefits for said week, and the court so finds.